PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

E. WISTAR WILSON (CABN 324705)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    wistar.wilson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-CR-00008-JD |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| ADAM NICHOLAS SIMONOFF, | |
| Defendant. | Date: March 3, 2025 <br> Time: 10:30 a.m. <br> Court: Hon. James J. Donato |

Defendant Adam Nicholas Simonoff pleaded guilty on August 19, 2024 to both charges in a two-count Information: one count of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count One) and one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count Two). He did so pursuant to a plea agreement with the U.S. Attorney's Office for the Northern District of California under Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Dkt. 24. Mr. Simonoff is scheduled to be sentenced on March 3, 2025 at 10:30 a.m. before this Court.

The United States submits this sentencing memorandum to assist the Court in determining the appropriate sentence in this case. In fashioning a sentence that is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a), the Court must consider a variety of

factors. These factors include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to promote respect for the law, provide just punishment for the offense, and deter criminal conduct. *See* 18 U.S.C § 3553(a).

For the reasons articulated below, the Government recommends that the Court sentence Mr. Simonoff to 60 months' imprisonment, which is a sentence that is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## I.     THE OFFENSE CONDUCT

On July 21, 2019, Mr. Simonoff arrived at San Francisco International Airport from an international flight. Revised Presentence Report, Dkt. 33 ("PSR") ¶ 18. Agents conducted a border search of his cell phone and discovered potential evidence of child sexual exploitation offenses. *Id*. That evidence included a December 29, 2018 WhatsApp conversation in which Mr. Simonoff sent another individual a Dropbox link with the message "17," indicating that the subject of the exchanged file was 17 years old. *Id*. Within five days of the border search, Mr. Simonoff deleted content from his Dropbox account, including visual depictions of minors engaged in sexually explicit conduct, believing that the content would be material evidence in an investigation of the charged offenses. *Id*; Dkt. 24 ¶ 2.

Further examination of Mr. Simonoff's phone by investigative agents revealed additional relevant evidence. On or about February 16, 2019, Mr. Simonoff used Kik to text with a minor, Minor Victim 1 (MV1). PSR ¶ 10. In response to Mr. Simonoff's requests ("Let's see u more clearly"; "Close-up of your hole?"), MV1 sent to Mr. Simonoff a photograph of himself with his legs spread apart and his erect penis exposed. *Id.*; Dkt 24 at 2. During this conversation with Mr. Simonoff, MV1 confirmed that he was 16 years old. PSR ¶ 10. MV1 sent the photograph at issue following disclosure of his age. *Id.*; Dkt. 24 at 2.

On or about July 11, 2019, Mr. Simonoff sent to another individual via WhatsApp two photographs of another minor, Minor Victim 2 (MV2) engaged in sexually explicit conduct. PSR ¶ 14; Dkt. 24 at 2. The images showed, respectively, (1) MV2's erect penis, with his hand holding the shaft, depicting masturbation, and (2) MV2's anus, scrotum, and penis. PSR ¶ 14. As part of that WhatsApp conversation, Mr. Simonoff told the individual, referring to MV2, "[m]ay stealth him today," and "16 and plays safe only." *Id.*

## II. THE GUIDELINES CALCULATION

The Parties and U.S. Probation are in agreement regarding the Total Offense Level under the U.S. Sentencing Guidelines, and the government agrees with Probation's calculation of the applicable Guidelines range. Specifically, the parties and Probation agree that the Total Offense Level is 25, after adding to the Base Offense Level of 22 a 2-level enhancement for Use of a Computer (U.S.S.G. § 2G2.2(b)(6)), a 2-level enhancement for Simple Distribution (U.S.S.G. § 2G2.2(b)(3)(F)), a 2-level enhancement for Obstruction (U.S.S.G. § 3C1.1), and a 3-level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a)-(b). Dkt. 24 ¶ 7(a)-(j); PSR ¶¶ 20-32.

The government agrees with Probation's calculation that Mr. Simonoff has a criminal history category of I. *See* PSR ¶ 36. The Guidelines range for Total Offense Level 25 with a criminal history category of I is 57 – 71 months' imprisonment, but because of the mandatory minimums applicable in this case, the Guidelines range is 60 – 71 months. *See id.* ¶ 67. The government recommends a sentence of 60 months' imprisonment, which falls within the applicable Guidelines range, for the reasons articulated below.

## III. THE GOVERNMENT'S RECOMMENDATION

The government agrees with the recommendation of Probation and requests that the Court impose a sentence of sixty (60) months' imprisonment, which is the mandatory minimum term of imprisonment associated with each of the charged counts, *see* 18 U.S.C. § 2252(b), and falls within the applicable Guideline range. Imposing such a sentence would require the Court to order the sentences on both counts to run concurrently.

A term of 60 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2), considering the nature and circumstances of the offenses and other relevant factors. *See supra* at 1-2.

The nature and circumstances of the charged conduct were serious. Child pornography, also known as Child Sexual Abuse Material, has extremely harmful impacts on its victims. *See* National Center for Victims of Crime, *Improving the Response to Victims of Child Pornography*, pp. 18-19, 166-67 (Dec. 19, 2014), *available at* https://victimsofcrime.org/doc/Policy/improving-response-to-vcp_full-report.pdf?sfvrsn=2 (describing the "unique harm" from the "capturing and circulation of child

pornography" that may cause some victims to experience "permanent and ongoing victimization," and discussing other mental health impacts of child pornography on victims); PSR, Recommendation at 2. Mr. Simonoff engaged in conversations online with individuals he knew were minors and obtained sexually explicit images of them. *See* PSR ¶¶ 10, 14-16. He knowingly shared at least some of that material with a third party. *See* PSR ¶ 14. Mr. Simonoff obstructed the government's investigation by deleting content from his Dropbox account that contained visual depictions of minors engaged in sexually explicit conduct. Dkt. 24 at 2. He also engaged in discussions about the sexual exploitation of children, including discussions about sexually abusing minors while they were drugged, in multiple chat or text messages. PSR ¶¶ 7-13.

In light of Mr. Simonoff's history and characteristics, a sentence of 60 months' imprisonment—within the applicable Guidelines range—is appropriate. This is Mr. Simonoff's first offense; he has no criminal history, including arrests, and has therefore spent no time in custody. PSR ¶¶ 33-39. He has been on pretrial release since June 16, 2023, has made all of his court appearances, and according to U.S. Pretrial Services records, has had no violations of his release conditions. *Id.* ¶ 4. Additionally, Mr. Simonoff facilitated the progress of this case and minimized potential additional trauma to the minor victims, waiving indictment and indicating early his intention to resolve the case by guilty plea rather than proceed to trial. Combined with Mr. Simonoff's mental health history and sexual trauma, *see id.* ¶¶ 44, 51, these factors support the appropriateness of a sentence of 60 months' imprisonment. A 60-month term of imprisonment will be sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(1), including to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of Mr. Simonoff.

### IV.   VICTIM IMPACT STATEMENTS AND RESTITUTION

As of the date of this filing, the government has not received victim impact statements or restitution requests, or notice that one or more victim impact statements or restitution requests should be anticipated. The government has used its Victim Notification System and individual outreach by Victim specialists to notify the victims of developments in this case and solicit information for purposes of sentencing, including restitution.

## V. CONCLUSION

For the reasons set forth above, a sentence of 60 months' imprisonment, in addition to the other conditions (including a search condition) recommended by Probation, is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(1). The government urges the Court to sentence Mr. Simonoff accordingly on March 3, 2025.

DATED: February 18, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

__/s/ E. Wistar Wilson_____
E. Wistar Wilson
Assistant United States Attorney